Robert L. Hyde, Esq. (SBN: 227183)
Bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for the Plaintiff



FILED
2009 SEP 11 AM 11: 02
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Douglas E. Bellows<br><br>　　　　Plaintiff,<br>v.<br><br>Hunt and Henriques<br><br>　　　　Defendant. | Case Number: 09 CV 1995 JAH CAB<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors,



1  to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Douglas E. Bellows, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Hunt and Henriques, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

**JURISDICTION AND VENUE**

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA"), and Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

9. Because Defendant does business within the State of California, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

11. Plaintiff is a natural person who resides in the City of Pomona, County of Los Angeles, State of California.

12. Plaintiff is a "person" as defined by 47 U.S.C. § 153(10).

13. Defendant is located in the City of San Jose, the County of Santa Clara, and the State of California. Defendant is a "person" as defined by 47 U.S.C. § 153(10).

14. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

16. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

17. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by

California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

18. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

19. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

20. At all times relevant, Defendant conducted business within the State of California.

21. Sometime before June 25, 2009, Plaintiff is alleged to have incurred certain financial obligations.

22. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

23. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

24. Sometime thereafter, but before June 25, 2009, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

25. Subsequently, but before June 25, 2009, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

26. On or about June 25, 2009, Defendant mailed a dunning letter to Plaintiff. A few days later, Plaintiff received that letter.

27. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

28. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

29. Because Defendant included a notice that was incomplete, false, deceptive, or misleading, Defendant failed within five days after its initial communication with Plaintiff, to provide written notification containing a statement that unless Plaintiff, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendant would assume the debt was valid, or failed within five days after its initial communication with Plaintiff to provide a written notice containing a statement that if Plaintiff notified Defendant in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendant would obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment would be mailed to Plaintiff by Defendant and that Defendant would provide Plaintiff with the name and address of the original creditor. This omission by Defendant violated 15 U.S.C. § 1692g.

30. This initial communication to Plaintiff by Defendant included a written notice, the language of which overshadowed, weakened, and failed to comply with, the notice required by 15 U.S.C. § 1692g(a), as well as Cal. Civ. Code 1788.17 as it incorporates 15 U.S.C. § 1692g(a), because it attempted to limit the rights available to Plaintiff in a manner that creates a contradiction would confuse the least sophisticated consumer into disregarding his or her rights pursuant to the validation notice required in 15 U.S.C. § 1692g by stating, implying, or otherwise communicating to consumers that disputes under 15 U.S.C. § 1692g(a)(3) needed to be made in writing, when, in fact, they do not.

31. Through this conduct, Defendant used a false, deceptive, or misleading representations or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10), as well as Cal. Civ. Code § 1788.17, as it incorporates 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

32. On or about June 27, 2009, Defendant telephoned Plaintiff. Defendant then placed a message on the answering machine or voice mail of Plaintiff and merely stated a name and telephone number, along with a demand that Plaintiff call that number. Without any legal exception, this communication did not provide that Defendant was a debt collector, thereby lacking meaningful disclosure of the caller's identity. Consequently, this communication violated 15 U.S.C. § 1692d(6).

33. Because this omission violated the language in 15 U.S.C. § 1692d(6), Defendant also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692d(6). This communication also violated Cal. Civ. Code § 1788.11(b).

34. On or about July 8, 2009, Defendant telephoned Plaintiff, and using an artificial voice, placed a message on the answering machine or voice mail of Plaintiff and merely stated a name and telephone number, along with a demand that Plaintiff call that number. Without any legal exception, this communication did not provide that Defendant was a debt collector, thereby lacking meaningful disclosure of the caller's identity. Consequently, this communication violated 15 U.S.C. § 1692d(6).

35. Because this omission violated the language in 15 U.S.C. § 1692d(6), Defendant also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692d(6). This communication also violated Cal. Civ. Code § 1788.11(b).

36. On or about July 11, 2009, Defendant telephoned Plaintiff, and using an artificial voice, placed a message on the answering machine or voice mail of Plaintiff and merely stated a name and telephone number, along with a

demand that Plaintiff call that number. Without any legal exception, this communication did not provide that Defendant was a debt collector, thereby lacking meaningful disclosure of the caller's identity. Consequently, this communication violated 15 U.S.C. § 1692d(6).

37. Because this omission violated the language in 15 U.S.C. § 1692d(6), Defendant also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692d(6). This communication also violated Cal. Civ. Code § 1788.11(b).

38. On or about July 17, 2009, Plaintiff sent to Defendant a letter in which Plaintiff advised Defendant that Plaintiff wished Defendant to cease further communication with the Plaintiff in a manner consistent with the requirements pursuant to 15 U.S.C. § 1692c(c).

39. On or about August 5, 2009, Defendant contacted Plaintiff on his cellular telephone, via an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1).

40. Defendant, using an artificial voice, placed a message on the answering machine or voice mail of Plaintiff and merely stated a name and telephone number, along with a demand that Plaintiff call that number. Without any legal exception, this communication did not provide that Defendant was a debt collector, thereby lacking meaningful disclosure of the caller's identity. Consequently, this communication violated 15 U.S.C. § 1692d(6).

41. Because this omission violated the language in 15 U.S.C. § 1692d(6), Defendant also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692d(6). This communication also violated Cal. Civ. Code § 1788.11(b).

42. This communication by Defendant was an attempt to collect the alleged debt after Defendant was notified in writing that Defendant was to cease further communication with the Plaintiff in a manner consistent with the requirements in 15 U.S.C. § 1692c(c). Consequently, Defendant violated 15

U.S.C. § 1692c(c). Because this action violated the language in 15 U.S.C. § 1692c(c), Defendant also violated Cal. Civ. Code § 1788.17.

43. In this communication, Defendant called a telephone number that was assigned to a cellular telephone service for which Plaintiff incurs a charge for all incoming calls pursuant to 47 U.S.C. § 227(b)(1)(A)(iii).

44. This communication constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

45. Plaintiff did not provide express consent to receive calls on his cellular telephone, pursuant to 47 U.S.C. § 227(b)(1)(A).

46. This August 5, 2009 telephone call by Defendant was in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

47. This telephone call by Defendant, failed to release Plaintiff's telephone line within five seconds after Plaintiff terminated the call, in violation of 47 U.S.C. § 227(d)(3)(B).

48. This telephone call by Defendant to Plaintiff was made after Plaintiff advised Defendant that Plaintiff wished Defendant to cease further communication with the Plaintiff in a manner consistent with the requirements pursuant to 15 U.S.C. § 1692c(c). Defendant had knowledge that Plaintiff did not want these collection calls placed on his cellular telephone, yet Defendant still chose to call Plaintiff's cellular telephone; therefore; Defendant's actions were a willful violation of the TCPA.

49. On or about August 26, 2009, Defendant contacted Plaintiff on his cellular telephone, via an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1).

50. Defendant, using an artificial voice, placed a message on the answering machine or voice mail of Plaintiff and merely stated a name and telephone number, along with a demand that Plaintiff call that number. Without any legal exception, this communication did not provide that Defendant was a

debt collector, thereby lacking meaningful disclosure of the caller's identity. Consequently, this communication violated 15 U.S.C. § 1692d(6).

51. Because this omission violated the language in 15 U.S.C. § 1692d(6), Defendant also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692d(6). This communication also violated Cal. Civ. Code § 1788.11(b).

52. This communication by Defendant was an attempt to collect the alleged debt after Defendant was notified in writing that Defendant was to cease further communication with the Plaintiff in a manner consistent with the requirements in 15 U.S.C. § 1692c(c). Consequently, Defendant violated 15 U.S.C. § 1692c(c). Because this action violated the language in 15 U.S.C. § 1692c(c), Defendant also violated Cal. Civ. Code § 1788.17.

53. In this communication, Defendant called a telephone number that was assigned to a cellular telephone service for which Plaintiff incurs a charge for all incoming calls pursuant to 47 U.S.C. § 227(b)(1)(A)(iii).

54. This communication constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

55. Plaintiff did not provide express consent to receive calls on his cellular telephone, pursuant to 47 U.S.C. § 227(b)(1)(A).

56. This August 26, 2009 telephone call by Defendant was in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

57. This telephone call by Defendant, failed to release Plaintiff's telephone line within five seconds after Plaintiff terminated the call, in violation of 47 U.S.C. § 227(d)(3)(B).

58. This telephone call by Defendant to Plaintiff was made after Plaintiff advised Defendant that Plaintiff wished Defendant to cease further communication with the Plaintiff in a manner consistent with the requirements pursuant to 15 U.S.C. § 1692c(c). Defendant had knowledge that Plaintiff did not want these collection calls placed on his cellular telephone, yet Defendant still chose to

call Plaintiff's cellular telephone; therefore; Defendant's actions were a willful violation of the TCPA.

59. Defendant's acts were willful, wanton and malicious, entitling Plaintiff to punitive or exemplary damages.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
## 15 U.S.C. §§ 1692 ET SEQ.

60. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

61. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

62. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA)
## CAL. CIV. CODE §§ 1788-1788.32

63. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

64. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of the RFDCPA, Cal. Civ. Code §§ 1788-1788.32

65. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00

pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## COUNT III

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 U.S.C. § 227 ET SEQ

66. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

67. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

68. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

## COUNT IV

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 U.S.C. § 227 ET SEQ

69. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

70. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

71. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to treble damages, as provided by statute, up to $1500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

# COUNT V
## INVASION OF PRIVACY
### INTRUSION INTO PRIVATE AFFAIRS

72. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

73. Plaintiff had a reasonable expectation of privacy, seclusion, solitude, and physical and/or sensory privacy regarding the use of Plaintiff's cellular telephone.

74. Defendant intentionally intruded into this expectation of privacy, and violated Plaintiff's reasonable expectation of seclusion, solitude, and physical and/or sensory privacy that surrounds Plaintiff regarding Plaintiff's cellular telephone by incessantly causing Plaintiff's cellular telephone to ring without Plaintiff's consent, and causing Plaintiff to incur charges for each call.

75. Defendant intrusion would be highly offensive to a reasonable person.

76. As a result of Defendant's unlawful misuse of Plaintiff's cellular telephone, and of Defendant's invasion of Plaintiff's privacy and intrusion into Plaintiff's solitude, Plaintiff was harmed, and has sustained general damages to Plaintiff's peace of mind. Further, Plaintiff seeks punitive damages to punish Defendant for its aforementioned unlawful conduct.

77. The conduct of Defendant was a substantial factor in causing Plaintiff this harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

- • An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- • An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- • An award of statutory damages of $500.00, for each and every negligent violation of 47 U.S.C. § 227(b)(1)(A)(iii), pursuant to 47 U.S.C. § 227(b)(3)(B).
- • An award of treble damages of $1,500.00, for each and every willful and/or knowing violation 47 U.S.C. § 227(d)(3)(B), pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- • An award of general damages, in the amount of $40,000, for the harm Defendant has caused to Plaintiff's peace of mind.
- • An award of punitive damages in an amount according to proof and a finder of fact at trial.
- • Any and all other relief that the Court deems just and proper.

78. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: 7/10/09

Hyde & Swigart

By: _____
Joshua B. Swigart
Attorneys for Plaintiff

**%JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Douglas E. Bellows

**DEFENDANTS**
Hunt and Henriques

FILED
09 SEP 11 AM 11:24

(b) County of Residence of First Listed Plaintiff: Los Angeles
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Santa Clara
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Hyde & Swigart
411 Camino Del Rio South Suite 301, San Diego, CA 92108
619.233.7770

Attorneys (If Known)
09 CV 1995 JAH CAB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1692 et seq.
Brief description of cause:
FDCPA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** 75,000
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 09/10/09
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 5112 AMOUNT $350.00 APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

ORIGINAL

ws 9/11/09

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS005112
Cashier ID: msweaney
Transaction Date: 09/11/2009
Payer Name: HYDE AND SWIGART, ATT AT LAW
------------------------------------
CIVIL FILING FEE
 For: D. BELLOWS V HUNT ANDHENRIQUES
 Case/Party: D-CAS-3-09-CV-001995-001
 Amount:        $350.00
------------------------------------
CHECK
 Check/Money Order Num: 3379
 Amt Tendered: $350.00
------------------------------------
Total Due:     $350.00
Total Tendered: $350.00
Change Amt:    $0.00


There will be a fee of $45.00
charged for any returned check.
```